UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE DONALD J. TRUMP

Misc. No. 25-8 (JEB)

**MEMORANDUM OPINION**

Grand juries in this district investigated then-former President Donald J. Trump for allegedly interfering with the peaceful transfer of power after the 2020 election and whisking away classified documents after leaving office. Both investigations spawned a host of legal disputes — *e.g.*, over whether witnesses could be compelled to testify and whether they could cite privileges to refuse. Records about those battles were sealed. Now *New York Times* reporter Charlie Savage seeks to unseal records from both investigations concerning claims of attorney-client privilege and work-product protection. The Court will grant his Petition in part and deny it in part.

**I.   Background**

After leaving office in 2021, Trump was embroiled in criminal investigations. Two of them reached grand juries in this district. In one (the "election case"), a grand jury investigated him for allegedly "conspir[ing] to overturn" the 2020 election and "to obstruct the collecting, counting, and certifying of the election results." Trump v. United States, 603 U.S. 593, 602 (2024). Although Trump was indicted, United States v. Trump, No. 23-257, ECF No. 1 (Indictment) (D.D.C. Aug. 1, 2023); id., ECF No. 226 (Superseding Indictment) (Aug. 27, 2024), the Government dismissed the case after his reelection. Id., ECF No. 281 (MTD) (Nov. 25,

1

2024); id., ECF No. 283 (Dismissal Order) (Nov. 25, 2024); id., ECF No. 284 (Supp. MTD) (Dec. 5, 2024); id., ECF No. 285 (Supp. Dismissal Order) (Dec. 6, 2024).

In the other (the "documents case"), a grand jury in this district investigated Trump for allegedly taking classified documents with him after leaving office and obstructing the resulting investigation. In re Application of Politico LLC, 2025 WL 2029757, at *1 (D.D.C. July 21, 2025). That case also led to Trump's indictment — this time, in the Southern District of Florida. United States v. Trump, No. 23-80101, ECF No. 3 (Indictment) (S.D. Fla. June 8, 2023); id., ECF No. 85 (Superseding Indictment) (July 27, 2023). That prosecution came to a halt when Judge Aileen Cannon held that the special counsel prosecuting Trump had been unlawfully appointed and dismissed the case. United States v. Trump, 740 F. Supp. 3d 1245, 1308–09 (S.D. Fla. 2024). The Government appealed, but then dismissed its appeal after the election. United States v. Trump, 2024 WL 6081345 (11th Cir. Nov. 26, 2024).

Like all grand-jury investigations, the ones targeting Trump were sealed. Yet public reporting offered occasional glimpses into what had happened in the grand-jury room and in surrounding legal fights. For instance, newspapers reported that in both cases, the grand jury had subpoenaed Trump's lawyers, and Trump or his lawyers had invoked attorney-client privilege. See, e.g., Alan Feuer & Maggie Haberman, Trump Lawyers Push to Limit Aides' Testimony in Jan. 6 Inquiry, N.Y. Times (Sept. 23, 2022), https://perma.cc/SJH7-RKC9 (election case); Alan Feuer, Maggie Haberman & Ben Protess, Prosecutors Seek Trump Lawyer's Testimony, Suggesting Evidence of Crime, N.Y. Times (Feb. 14, 2023), https://perma.cc/X8RA-YN6Y (documents case).

Publicly docketed court filings also offered a window into the proceedings. In the election case, the Government filed a motion noting that "at least 25 witnesses withheld

2

information, communications, and documents based on assertions of the attorney-client privilege." United States v. Trump, No. 23-257, ECF No. 98 (Gov. Mot. for Pretrial Notice) at 1 (D.D.C. Oct. 10, 2023). It also mentioned that in some instances, "the Government produced court orders requiring the production of material claimed to be privileged." Id. at 8. In the documents case, meanwhile, Trump filed a motion — and the Government filed a response — that detailed one particular dispute over grand-jury testimony. The briefs recounted that the Government had filed a motion to compel two of Trump's lawyers to testify and produce documents, that both lawyers had invoked attorney-client privilege and work-product protection, that the court had held that the crime-fraud exception vitiated both privileges, and that the lawyers had then testified and turned over documents and recordings. See United States v. Trump, No. 23-80101, ECF No. 566 (Trump Mot. for Relief) at 16–17 (S.D. Fla. May 21, 2024); id., ECF No. 567 (Gov. Opp.) at 16–17 (May 21, 2024). Trump's filing also attached redacted versions of the district court's underlying opinion and two related orders. See Trump Mot. for Relief, Exhs. 17 (Order Partially Granting Mot. to Compel), 18 (Mem. Op.), 19 (Misc. Order).

Now that Defendant Trump has once again become President Trump, both criminal cases have gone away. But public interest in them has not. Hence this Petition, in which *Times* reporter Savage seeks to unseal all opinions, orders, and docket sheets covering disputes over attorney-client privilege and work-product protection ancillary to this district's grand-jury investigations. See ECF No. 4 (Resp.) at 1 & n.1, 3–4.

II.     **Legal Framework**

Grand-jury investigations often play out on two fronts. First, there is what happens in the grand-jury room itself, where witnesses testify and the grand jury observes and deliberates. Those proceedings are cloaked in secrecy. Second, there are legal fights about what makes it

3

into the grand-jury room. Those so-called ancillary proceedings include motions to compel recalcitrant witnesses to testify, grants of immunity, assertions of privilege, and arguments over whether a privilege applies. While those disputes are undeniably judicial proceedings, which records are usually public, Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978), that is not necessarily the case for proceedings ancillary to the grand jury. This is because such records could reveal what happened in front of the grand jury — say, that a particular witness was subpoenaed, that she invoked attorney-client privilege, and that the district court ordered her to testify — which must remain secret. To the extent that records of ancillary proceedings would reveal previously unknown details about the grand jury's investigation, they, too, are sealed.

To properly examine the issues presented here, the Court begins by laying out the framework for grand-jury secrecy, the circumstances when ancillary proceedings may be unsealed, and the procedural mechanism to obtain such result.

    A.  Grand-Jury Secrecy

In general, "the grand jury context presents an unusual setting where privacy and secrecy are the norm." In re Grand Jury Subpoena, Judith Miller, 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting In re Sealed Case, 199 F.3d 522, 526 (D.C. Cir. 2000)). Witnesses "enter the grand jury room alone . . . . No judge presides and none is present." In re Motions of Dow Jones & Co., 142 F.3d 496, 498 (D.C. Cir. 1998). Access to grand-jury materials turns on Federal Rule of Criminal Procedure 6(e)(2), which dictates that "[o]ther than witnesses, each person present . . . is forbidden from disclosing 'matters occurring before the grand jury.'" Id. (quoting Fed. R. Crim. P. 6(e)(2), 6(e)(3)(A)(ii)); see also In re Sealed Case No. 99-3091, 192 F.3d 995, 1002 (D.C. Cir. 1999). This arrangement "safeguards vital interests," including "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an

4

investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." Id. at 844 (citing Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979)).

Through Federal Rule of Criminal Procedure 6(e), Congress "codifie[d] the traditional rule of grand jury secrecy." United States v. Sells Eng'g, Inc., 463 U.S. 418, 425 (1983). In this Circuit, a court lacks any "inherent," freestanding "authority" to release matters occurring before the grand jury beyond what Rule 6(e) permits. McKeever v. Barr, 920 F.3d 842, 844–50 (D.C. Cir. 2019).

B. Accessing Ancillary Proceedings

The grand jury's business occasionally calls for "judicial proceedings relating to," but "at arm's length" from, the grand jury itself, including to resolve a witness's "motion to . . . quash [a] subpoena." Dow Jones, 142 F.3d at 498. Records of such proceedings ancillary to the grand jury's work are not themselves subject to grand-jury secrecy but are instead governed by Rule 6(e)(6), which requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." (Emphasis added). Although Rule 6(e)(6) displaces any First Amendment or common-law right of access to documents in ancillary proceedings, see Dow Jones, 142 F.3d at 500–04, the Rule allows for their release once sealing them is no longer "necessary" to protect grand-jury secrets.

Rule 6(e)(6) protects information in ancillary documents that reveals "'the identities of witnesses or jurors, the substance of testimony' as well as actual transcripts, 'the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.'" Id. at 500 (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1382 (D.C. Cir. 1980)). Although its

5

protection "does not create a type of secrecy which is waived" as soon as "public disclosure occurs," once "information is sufficiently widely known[,] . . . it has lost its character as Rule 6(e) material." Id. at 505 (quoting In re North, 16 F.3d 1234, 1245 (D.C. Cir. 1994)). The Rule's secrecy requirements therefore yield only "when there is no secrecy left to protect." In re Grand Jury Subpoena, Judith Miller, 493 F.3d 152, 154 (D.C. Cir. 2007) (citation omitted).

    C.  Local Rule 6.1

This Court's Local Criminal Rules set out a mechanism for releasing documents in ancillary proceedings. Rule 6.1 provides that "[p]apers, orders and transcripts of hearings" in proceedings ancillary to the grand jury "or portions thereof[] may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." Once such a finding has been made, the Circuit has instructed that "where the Rules authorize [courts] to do so, [courts] may — and should — release any information so long as it does not reveal" material that Rule 6(e)(6) protects. In re Grand Jury Subpoena, No. 18-3071, Order at 1 (D.C. Cir. Apr. 23, 2019) (emphasis added). Prior to public release, the Chief Judge may also "redact[] documents." Dow Jones, 142 F.3d at 501, 506; see, e.g., In re Grand Jury Subpoena No. 7409, 2019 WL 2169265, at *3, *5 (D.D.C. Apr. 1, 2019); Order and Unsealed Records, Grand Jury No. 18-41 (June 7, 2019), https://perma.cc/4K53-B3KL (displaying redacted filings, transcript, and court opinion for public viewing on court website).

**III.    Analysis**

Petitioner points out that a combination of media reports and judicial filings have already revealed details about privilege fights in the grand juries' investigations. See ECF No. 1 (App.)

6

at 2–5.  Those disclosures, he argues, have dissolved any secrecy that once cloaked these records, so they may now be unsealed.  Id. at 4, 6.

He is half right.  "Rule 6(e) protections remain intact absent any reliable, credible, and authoritative disclosures of grand jury matters."  In re Application of the N.Y. Times Co., 2025 WL 1905544, at *3 (D.D.C. July 10, 2025) (quotation marks omitted).  Disclosures are sufficiently reliable if they come from sources with authoritative knowledge — such as a witness, her lawyer, or the government.  Id.  By contrast, unconfirmed media reports "based primarily on unidentified sources" do not authoritatively disclose anything.  Id. (quotation marks omitted).  Petitioner here cites both authoritative disclosures that justify unsealing ancillary records and unconfirmed newspaper reports that do not.  See App. at 2–5.  The Court will take each of the two investigations in turn, explaining which disclosures allow unsealing which records.

    A.  The Election Case

Starting with the election case, Petitioner seeks all opinions, orders, and docket sheets involving disputes over (1) attorney-client privilege and (2) work product.  See Resp. at 1 & n.1.  The Court will grant the requests relating to the former category but not the latter.

When prosecuting the election case, the Government filed a motion on a public docket revealing that "at least 25 witnesses withheld information, communications, and documents based on assertions of the attorney-client privilege" and that — at least for some of those witnesses — "the Government produced court orders requiring the production of material claimed to be privileged."  Gov. Mot. for Pretrial Notice at 1, 8.  After that authoritative disclosure, those details about the grand jury's investigation are no longer secret.  Sealing the records containing those facts is therefore no longer "necessary to prevent the unauthorized

disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). As the Government rightly concedes, see Resp. at 10, the Court may unseal all opinions, orders, and docket sheets covering disputes over attorney-client privilege.

But not necessarily everything in them. The Government's filing revealed some details about the grand-jury proceedings but not others; for instance, it did not disclose the identities of the witnesses who invoked attorney-client privilege or what materials they withheld. To the extent that the relevant records divulge that still-secret — and so still-protected — information, the Court will permit their redaction. Cf. In re Press Application, 678 F. Supp. 3d 135, 143 (D.D.C. 2023) (unsealing ancillary records but redacting information that would reveal still-undisclosed parts of grand jury's investigation). The Government may submit proposed redactions, *ex parte* and under seal, which the Court will consider before releasing the records.

Petitioner also seeks any ancillary records covering work-product protection. Yet he does not cite any disclosures that confirm that witnesses invoked this privilege, so any such records would remain protected by Rule 6(e)(6). The Court will therefore not unseal them.

B. The Documents Case

Turning to the documents case, Petitioner once again seeks all opinions, orders, and docket sheets related to disputes over attorney-client and work-product privileges. See Resp. at 1 & n.1. Once again, the Court will grant the Petition in part.

Trump has done much of Petitioner's work for him. To support a motion to suppress in the Southern District of Florida, he publicly filed redacted versions of two orders and an opinion from then–Chief Judge Beryl Howell commanding two of his lawyers to testify and holding that the crime-fraud exception defeated their invocation of the two aforementioned privileges. See

Order Partially Granting Mot. to Compel; Mem. Op.; Misc. Order. That filing put the orders and opinion into the public domain.

Yet it redacted crucial information, including the lawyers' names. See, e.g., Mem. Op. at 1 (blacking out lawyers' names). Petitioner tries to fill the gap with media reports purporting to identify those lawyers. See App. at 4 (citing Alan Feuer & Maggie Haberman, Judge Rules Trump Lawyer Must Testify in Documents Inquiry, N.Y. Times (Mar. 17, 2023), https://perma.cc/H346-HGXF; Maggie Haberman & Alan Feuer, Lawyer Told Trump Defying Documents Subpoena Would Be a Crime, N.Y. Times (Nov. 29, 2023), https://perma.cc/3QEH-TY6B). But that unconfirmed reporting is not sufficiently authoritative to transform the information from speculation to solidly known facts. N.Y. Times, 2025 WL 1905544, at *3. The Court will therefore not remove any redactions from the orders and opinion. Doing so would spill new information about what happened before the grand jury, so continued sealing is "necessary to prevent [its] . . . disclosure." Fed. R. Crim. P. 6(e)(6).

The Government shall apply this reasoning to any other responsive orders and opinions and submit any such documents to the Court, with proposed redactions, for possible release. The relevant docket sheets might also contain facts that Trump's filings have already exposed. The Court will thus grant the Petition to unseal them but will first let the Government submit proposed redactions *ex parte* and under seal.

## IV. Conclusion

In the election case, the Court will unseal all opinions, orders, and docket sheets involving disputes over attorney-client privilege. In the documents case, it will unseal the docket sheets recording the dispute over the testimony of Trump's lawyers, as well as any other responsive opinions and orders that the Government identifies. Before doing so, however, it will

9

permit the Government to submit proposed redactions *ex parte* and under seal.  An Order so stating will issue this day.

                                                /s/ James E. Boasberg
                                                JAMES E. BOASBERG
                                                Chief Judge

Date: August 11, 2025