UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE GRAND JURY SUBPOENAS ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Case No. 22-gj-25 (BAH)

Chief Judge Beryl A. Howell

<u>UNDER SEAL</u>

### MEMORANDUM OPINION

Before the Court is a motion to stay an ongoing grand jury investigation pending former president Donald J. Trump's appeal of this Court's Order granting the government's motion to compel grand jury testimony ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Order Granting Gov't's Mot. to Compel Testimony Withheld from the Grand Jury ("Order"), ECF No. 17; Redacted Memorandum Opinion regarding Gov't's Mot. to Compel Testimony Withheld from the Grand Jury ("Memorandum Opinion" or "Mem. Op."), ECF No. 20. The former president submitted his stay request the evening before ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ despite ample time to do so following the grant of the motion to compel on September 28, 2022. Leaving no choice but to seek exceedingly expedited review, the former president does not meet the high bar for extraordinary relief that a stay confers. His motion is thus denied.

### I. BACKGROUND

A detailed enumeration of the factual and procedural history preceding this motion is described in the Memorandum Opinion, *see* Mem. Op. at 2–12, and is thus incorporated by reference here. Following issuance of the Order, the former president had eight full days to appeal that ruling and seek to stay the grand jury's investigation, but instead waited until the

1

evening before ███████████████████████████████████████ to do so. █████
███████████████████████████████████████████████████. The Court granted the former president leave to file under seal the motion to stay and the notice of appeal in accordance with the protective order in place. ███████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████ Upon notice that the former president did not confer with the government regarding his motion to stay, the Court ordered the government to respond to the former president's request within 15 hours after service of the motion, ██████████████████████████████████
██████████████████████ leaving the Court with two hours ████████████████
██████████████ to resolve the former president's motion. ████████████████
██████████████████████████. The motion is now ripe for review.

## II.  LEGAL STANDARD

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "'A stay is not a matter of right, even if irreparable injury might otherwise result,'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)), and "[a] stay pending appeal is always an extraordinary remedy, *Bhd. of Ry. & S.S. Clerks, Freight Handlers, Express & Station Emps. v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966).

Courts considering a stay request pending an appeal must "'weigh competing interests,'" *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55), by balancing the following factors as applied to the specific facts of the case:

2

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies," *Nken*, 556 U.S. at 434 (internal citations omitted). The third and fourth factors "merge" when the stay applicant so moves against the government. *Id.* at 435. The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. Like a preliminary injunction, absent a showing of a likelihood of success on the merits, "it would take a very strong showing with respect to the other preliminary injunction factors to the turn tide in plaintiffs' favor." *Davenport v. Int'l Bhd. of Teamsters, AFL-CIO*, 166 F.3d 356, 366 (D.C. Cir. 1999).

### III. DISCUSSION

For the reasons stated in the Memorandum Opinion, the former president is unlikely to succeed on the merits. As explained there, the presidential communications privilege in this instance gives way to the specific need of the grand jury's ongoing criminal investigation into the events surrounding January 6, 2021. *See* Mem. Op. at 19–22, 26–30. Aside from accentuating the "extraordinary" and "significant" nature of the presidential communications privilege as being "of paramount importance to the country and [] integral to the proper functioning of the Executive Branch," ▮▮▮▮▮▮▮▮ the former president's one-page argument to support his likelihood of success on the merits centers on the theory that he has been denied "an opportunity to raise more particularized claims of privilege before the testimony is provided to the Grand Jury," ▮▮▮

He is incorrect. Before asserting any privilege claims to this Court, the former president was informed of the ▮▮▮ general topics the government sought to inquire of the grand jury

3

witnesses. ███████████████████████████████████████

███████████████████████████████████████████

Those listed topics provide sufficient detail to permit the former president to evaluate the applicability of all privilege claims available to him.

In addition to being provided with the general information about the specific topics of the grand jury's inquiry of the witnesses at issue, the former president has had ample chances to make all his arguments before the Court asserting applicable privileges. First, in his response to the government's motion to compel ████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████ the former president asserted ███ the presidential communications privilege and attorney-client privilege ████████. ██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ ),

██████ Both asserted privileges were rejected in turn following detailed analyses. *See* Mem. Op. at 12–13; *see also id.* at 13–37. Then, ██████████████████████

████████████████, counsel had the chance to assert additional privilege claims, but instead clarified that the former president's request to later assert more particularized claims of privilege only applied to speculative, forthcoming motions to compel two other grand jury witnesses. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ Counsel for the president made no attempt to assert additional particularized privilege claims relating to the testimonies of ████████ at the hearing.

4

If any such additional claims exist, the former president's coy approach to articulating them is not a recipe for success in seeking a stay. *See In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 750–51 (D.C. Cir. 2006) ("The basis of a privilege must be adequately established in the record through evidence sufficient to establish the privilege with reasonable certainty.") (internal quotations and citations omitted); *SEC v. Lavin*, 111 F.3d 921, 928 (D.C. Cir. 1997) ("A claim of privilege must be presented to a district court with appropriate deliberation and precision before a court can rule on the issue.") (internal citations and quotations omitted). Assuming that the former president seeks to assert the other species of executive privilege, the deliberative process privilege, which protects from disclosure "records documenting the decisionmaking of executive officials generally," *Protect Democracy Project, Inc. v. NSA*, 10 F.4th 879, 885 (D.C. Cir. 2021) (citing *In re Sealed Case*, 121 F.3d 737, 745 (D.C. Cir. 1997)), that privilege claim is weaker than that asserted under the presidential communications privilege because the twelve topics on which the witnesses' testimony will focus do not implicate "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" nor material that is "predecisional" or "deliberative" that the common law privilege is intended to protect, *In re Sealed Case*, 121 F.3d at 737. The law of this circuit makes clear that the deliberative process privilege is more limited than its all-encompassing presidential privilege counterpart, *see Protect Democracy Project*, 10 F.4th at 885–86 (citing *In re Sealed Case*, 121 F.2d at 745–46), and so an unsuccessful claim to the latter necessitates an unsuccessful claim to the former.

In sum, the former president has been given multiple opportunities and sufficient time—all that he requested and agreed-to—to present the entirety of his arguments in resolving his privilege invocation. His arguments simply are not persuasive and will be no more so on appeal given binding precedent.

5

The former president's claim of irreparable harm is similarly unconvincing. He argues that the witnesses' testimonies on previously withheld topics would result in his "valid privileges [being] irretrievably lost" without "remediation," and that, absent a stay, the issue would be moot following the witnesses' testimonies. ▇▇▇▇▇▇ The former president has only himself to blame for those outcomes. No matter the irreparable injury, "a stay is not a matter of right." *Nken*, 556 U.S. at 433 (quoting *Virginian Ry. Co.*, 272 U.S. at 672). The former president's choice to ▇▇▇▇▇▇ after the Court's Order and ▇▇▇▇▇▇ before ▇▇▇▇▇▇ to appeal the ruling left little time for him to plead his case before the D.C. Circuit, for either vacatur or a stay. *Cf.* D.C. Cir. R. 8(a)(1) ("A motion for a stay of a judgment or of an order of the district court or any other motion seeking emergency relief must state whether such relief was previously requested from the district court and the ruling on that request."). An injury cannot be irreparable and thus weigh in favor of granting a stay when the irreparability was a product of the former president's own delay or indecision.

Finally, the interests of the government, the witnesses, and the public weigh against a stay. Grand jury investigations are constitutionally protected with a "broad" authority to "inquire into all information that might possibly bear on its investigation." *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991); U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."). The testimonies of the witnesses are relevant, important, and integral to the grand jury's ongoing criminal investigation. *See* Mem. Op. at 19–22, 26–30; *see also In re Sealed Case*, 121 F.3d at 754–55. The former president's motion to stay is an obvious effort to delay further that investigation, which clear legal precedent counsels against tolerating. *Cf. R. Enters., Inc.*, 498 U.S. at 298–99 ("We have expressly stated that grand jury proceedings should be free of [procedural] delays" and "detours" that "'would assuredly impede its investigation and frustrate

6

the public's interest in the fair and expeditious administration of the criminal laws.'" (quoting *United States v. Dionisio*, 410 U.S. 1, 17 (1973))); *Gomez v. U.S. Dist. Ct. for N.D. Cal.*, 503 U.S. 653, 654 (1992) ("A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief," particularly when "last-minute attempts to manipulate the judicial process" via a stay application, ripe "more than a decade ago," amount to "abusive delay" without good cause).



As context, the grand jury served its subpoenas on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Their scheduled testimonies were held on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with ▮▮ witnesses withholding answers to numerous questions on the former president's instructions to invoke the presidential communications privilege and ▮▮▮▮ attorney-client privilege. ▮▮▮▮▮▮ The Court resolved the government's motion to compel the withheld testimonies on September 28, 2022, and so the grand jury's investigation has been stalled by almost ▮▮ months given the former president's invocation of privilege on the eve of the first rescheduled witness testimony.

This is an obvious pattern of delay, and nowhere does the former president state in his motion that he will seek expedited review and resolution of this matter by the D.C. Circuit on appeal. *See, e.g.*, D.C. Cir. R. 2 ("In the interest of expediting decisions or for other good cause, the court may suspend the requirements of these Circuit Rules."); D.C. Cir. R. 27(f) ("Any party may request expedited action on a motion on the ground that, to avoid irreparable harm, relief is needed in less time than would ordinarily be required for this court to receive and consider a response. . . . The motion must be filed at least 7 days before the date by which court action is necessary or counsel must explain why it was not so filed."). The Court thus declines to further

7

pause the grand jury's constitutionally protected work, particularly in the absence of any reassurance that the former president's delay tactics will cease.

## IV. CONCLUSION

Based on the foregoing analysis, the former president's motion to stay pending appeal is DENIED.

Date: October 6, 2022

*Beryl A. Howell*
_____
BERYL A. HOWELL
Chief Judge

8