UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENAS ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Case No. 22-gj-33 (BAH)<br><br>Chief Judge Beryl A. Howell<br><br>**UNDER SEAL** |

**MEMORANDUM AND ORDER**

Former President Donald J. Trump, as a privilege holder, unsuccessfully asserted privilege to block ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from testifying before the grand jury in compliance with a grand jury subpoena. Order Granting the Gov't's Mot. Compel Testimony Withheld from the Grand Jury ("Challenged Order"), ECF No. 12. Though the former president's counsel meant to file a notice of appeal within fourteen days of issuance of the Challenged Order, this was not accomplished, leading to the pending motion of the former president for leave to file, belatedly, a notice of appeal. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Upon consideration of the pending motion, the government's response, and the entire record herein, the Court finds that the former president's time to file a notice of appeal is extended for excusable neglect and grants his motion.

**I.      BACKGROUND**

On November 19, 2022, the Court issued the Challenged Order granting the government's Motion to Compel Testimony Withheld from the Grand Jury—thereby rejecting assertions of executive privilege and attorney-client privilege by former president Donald J.

1

Trump—and ordering ▓▓▓▓▓▓▓▓▓▓▓▓ to testify before the grand jury in compliance with a grand jury subpoena. *See* Challenged Order. A redacted version of the Memorandum Opinion accompanying the Order was disclosed to the former president on November 28, 2022. Memorandum Opinion (Trump Blackbox), ECF No. 16.

On December 7, 2022, the former president moved for a stay pending appeal of the Court's November 2022 Order. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In opposing this motion, the government argued, *inter alia*, that the former president's stay request was filed beyond the fourteen-day window to do so in criminal cases, under Federal Rule of Appellate Procedure 4(b)(1)(A), and thus was untimely. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ After finding that none of the four stay factors outlined in *Nken v. Holder*, 556 U.S. 418, 434 (2009), weighed in favor of a stay, the Court denied the former president's motion on December 18, 2022, without ruling whether the former president's stay request was timely. *See* Order Denying Resp't's Sealed Mot. for Stay Pending Appeal, ECF No. 20; Memorandum Opinion regarding Resp't's Sealed Mot. for Stay Pending Appeal ("December 2022 Mem. Op.") at 5 n.1, ECF No. 21 (declining to interpret Rule 4).

The former president then filed, on December 23, 2022, the pending motion seeking leave to file a notice of appeal, arguing that Rule 4(a)'s sixty-day timeframe to appeal civil cases applies, but assuming, *arguendo*, that Rule 4(b)'s fourteen-day timeframe to appeal criminal cases applies, excusable neglect permits the late filing of his notice of appeal. ▓▓▓▓▓▓▓▓▓ With the filing of the government's opposition, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and the former president's reply, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓,

2

the motion is ripe for review. *See also* Min. Order (Dec. 27, 2022) (issuing scheduling order for briefing to be completed by January 17, 2023).

## II. DISCUSSION

Under Rule 4(a) governing appeals of civil cases, the former president had from November 19, 2022, to January 18, 2023, to file a notice of appeal, and thus his submission of his notice of appeal on December 23, 2022, is well within that timeframe. Under Rule 4(b) governing appeals of criminal cases, however, the former president had until December 5, 2022, to file a notice of appeal, rendering both his motion for a stay pending appeal (filed on December 7, 2022) and the notice of appeal (filed on December 23, 2022) untimely. The parties dispute which subsection of Rule 4 applies to appeals of grand jury cases: the former president argues that grand jury matters are miscellaneous actions, not criminal ones, and thus the subsection on civil appeals applies, citing *In re Grand Jury*, 490 F.3d 978, 983–84 (D.C. Cir. 2007), ███ ██████████; and the government argues that grand jury matters are criminal cases and thus the subsection on criminal appeals applies, ███████████. Without conceding his position, the former president's instant motion seeks to ensure that, if Rule 4(b) applied, his notice of appeal may be filed outside the fourteen-day window for excusable neglect. ██████ ████████████████████.

This Court has already acknowledged that whether an appeal of an order granting a motion to compel testimony before the grand jury falls under subsection (a) or (b) of Rule 4 is an issue of first impression in this Circuit. *See* December 2022 Mem. Op. at 5 n.1 (citing *In re Grand Jury*, 490 F.3d 978, 984 (D.C. Cir. 2007) (holding that the deadline to appeal the denial of a motion to disclose a grand jury transcript to the testifying grand jury witness fell under Rule 4(a), not Rule 4(b)), explaining that "appeals in cases such as this one involving only motions for

3

disclosure of transcripts—*and not also a refusal to testify that triggers contempt proceedings*—do not threaten to significantly delay the prosecutor and grand jury from continuing their investigation." (emphasis added)). Given the framing of the former president's instant motion and the applicability here of excusable neglect, the Court accepts the former president's assumption, for argument's sake, that Rule 4(b) appropriately applies here, obviating the necessity of interpreting Rule 4.

"Upon a finding of excusable neglect or good cause," Rule 4(b)(4) permits a district court to "extend the time to file a notice of appeal for a period not to exceed 30 days." FED. R. APP. P. 4(b)(4). Excusable neglect is an "elastic concept" encompassing "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 394 (1993). The determination whether neglect is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*[1] These factors, however, are not exclusive. *See FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006).

The former president's delayed filing of the notice of appeal is the result of excusable neglect. The government was not prejudiced by the delayed filing and indeed continued its

---

[1] While *Pioneer* involved Bankruptcy Rule 9006(b)(1), which establishes a bankruptcy court's authority to permit late filings, the factors outlined by the Supreme Court in *Pioneer* have been applied outside the bankruptcy context to the Federal Rules of Civil Procedure, *see FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006), and the Federal Rules of Appellate Procedure, *see Burt v. Nat'l Republican Club of Capitol Hill*, 828 F. Supp. 2d 115, 127–28 (D.D.C. 2011).

4

investigation. *See, e.g.*, December 2022 Mem. Op. at 4 (explaining how the government's ongoing investigation mooted the former president's appeal). Regardless of how any length of delay is calculated, judicial proceedings were not adversely affected. On December 7, 2022, the former president made his intention to appeal the Challenged Order clear to the government and the Court. That two-day delay in filing the motion was inconsequential. Similarly, because the Court had already resolved the motion for a stay on December 18, 2022, judicial proceedings were not impacted by the subsequent filing, on December 23, 2022, of the instant motion for leave to file the notice of appeal.

   The former president's reason for the delay is human error; specifically, failing to attach the notice of appeal to the motion for a stay pending appeal. ▬▬▬▬▬▬▬▬▬
▬▬▬▬▬ While failure to abide by a deadline is within the former president's control, this case is peculiar in that the Challenged Order the former president seeks to appeal was issued on November 19, 2022, and directed the government, by 12 p.m. ▬▬▬▬▬▬▬ to propose redactions to the accompanying Memorandum Opinion, disclosed only to the government, for approval by the Court and subsequent disclosure to the former president and the witnesses. *See* Challenged Order at 4. The government submitted its proposed redactions accordingly▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, and the Court approved the redactions and ordered prompt disclosure to the witnesses and former president on November 22, 2022, *see* Min. Order (Nov. 22, 2022). At the end of this process, the government disclosed to the former president the redacted copy of the Court's reasoning regarding that Order on November 28, 2022. *See* Memorandum Opinion (Trump Blackbox), ECF No. 16. That delayed disclosure prevented the former president from reviewing the reasoning underlying the Order to assess whether to appeal until day eight of his fourteen-day appeal window. Under these

5

circumstances, equity favors granting the former president extended time to prepare and file his appeal.

Finally, while the former president has engaged in delay tactics previously in this litigation, *see* December 2022 Mem. Op. at 8–9 (describing those tactics), requesting leave to file the notice of appeal after already filing a motion for a stay pending appeal did not stall the grand jury's investigation and thus the Court does not glean any bad faith in the former president's instant actions.

### III.   ORDER

For the foregoing reasons, it is hereby—

**ORDERED** that the former president's Sealed Motion for Leave to File a Notice of Appeal, ▮▮▮▮▮, is **GRANTED**.

**SO ORDERED.**

Date:  January 23, 2023

*Beryl A. Howell*
BERYL A. HOWELL
Chief Judge
