IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE DONALD J. TRUMP ) | Case No. 1:25-mc-8-JEB (D.D.C.) |

**GOVERNMENT'S RESPONSE TO PETITIONER'S REQUEST FOR
ACCESS TO TRANSCRIPTS IN ANCILLARY GRAND JURY MATTERS**

The government hereby responds to Petitioner Charlie Savage's request for transcripts of hearings in ancillary grand jury matters relating to assertions of attorney-client privilege and attorney work product protection concerning the grand jury investigations into President Trump in this District. For the reasons explained below, in the matters for which this Court has already authorized release of redacted versions of opinions, orders, and docket sheets, *see* Mem. Op., ECF No. 6 ("Memorandum Opinion" or "Mem. Op."); Order, ECF No. 5,[1] transcripts of hearings may be released with appropriate redactions to shield from disclosure matters occurring before the grand jury that have not been officially disclosed. The government will also submit proposed redactions of these transcripts to the Court, *ex parte* and under seal. *See* Minute Order (Jan. 25, 2026) (granting leave to the government to submit proposed redactions *ex parte* and under seal).

**BACKGROUND**

On February 10, 2025, Petitioner, a journalist with the New York Times, filed an Application, which "request[ed] that the court please unseal all ancillary opinions and orders, along with related dockets, hearing transcripts and pleadings filed by the government, witnesses, subject and targets, from pre-indictment litigation over claims of attorney-client and attorney work product privilege" regarding "the grand jury investigations that led to" the federal indictments of President

---

[1] The government has not officially disclosed the existence of any other disputes from those investigations involving assertions of attorney-client privilege or attorney work product. Therefore, the government neither confirms nor denies whether any such disputes occurred. *See In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994).

1

Trump in the election case and the documents case.[2]  *See* Application, ECF No. 1, at 1.  Following discussions between government counsel and the New York Times' counsel, Petitioner agreed to narrow his request to (a) opinions and orders resolving disputes over the attorney-client privilege and attorney work product protection and (b) the relevant dockets giving rise to the opinions and orders, while reserving the right to seek further documents in the future.  Resp. of the United States to Appl. of Charlie Savage for Access to Judicial Records Ancillary to Grand Jury Investigations, ECF No. 4, at 3-4 ("Gov't Resp.").  The government responded to that narrowed request, taking the position that orders, opinions, and docket sheets in ancillary grand jury disputes whose existence had been authoritatively disclosed could be released, with appropriate redactions to shield from disclosure any matters occurring before the grand jury that had not been authoritatively disclosed.  *See generally id.* at 6-14.

In the Memorandum Opinion, the Court largely agreed with the government's legal positions.  As the Court explained, "[i]n general, 'the grand jury context presents an unusual setting where privacy and secrecy are the norm.'"  Mem. Op. 4 (quoting *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1150 (D.C. Cir. 2006)).  Thus, "matters occurring before the grand jury" are generally shielded from disclosure by Federal Rule of Criminal Procedure 6(e).  *Id.*  Records of ancillary grand jury proceedings, such as judicial disputes over grand jury subpoenas, "must be kept under seal <u>to the extent and as long as necessary</u> to prevent the unauthorized disclosure of a matter occurring before a grand jury."  *Id.* at 5 (quoting Fed. R. Crim. P. 6(e)(6)).  Grand jury secrecy can be lifted by "[d]isclosures . . . if they come from sources with authoritative knowledge — such as a witness, her lawyer, or the government," but not by "unconfirmed media

---

[2] *See* Indictment, *United States v. Trump*, 1:23-cr-257 (D.D.C. Aug. 1, 2023), ECF No. 1 (indictment in election case); Indictment, *United States v. Trump*, No. 9:23-cr-80101-AMC (S.D. Fla. June 8, 2023), ECF No. 3 (indictment in documents case).

reports 'based primarily on unidentified sources.'" *Id.* at 6 (quoting *In re Application of the N.Y. Times Co.*, 2025 WL 1905544, at *3 (D.D.C. July 10, 2025)).

In the election case, the government disclosed in a public motion that certain witnesses withheld information on the basis of attorney-client privilege, and that in some instances, the government obtained court orders requiring the production of such withheld material. *Id.* at 7. The Court accordingly concluded that "the Court may unseal all opinions, orders, and docket sheets covering disputes over attorney-client privilege. But not necessarily everything in them." *Id.* at 8. In particular, "[t]he Government's filing revealed some details about the grand-jury proceedings but not others; for instance, it did not disclose the identities of the witnesses who invoked attorney-client privilege or what materials they withheld." *Id.* Thus, "[t]o the extent that the relevant records divulge that still-secret — and so still-protected — information, the Court . . . permit[ted] their redaction." *Id.* The Court also did not unseal, or confirm or refute the existence of, "any ancillary records covering work-product protection," because Petitioner did "not cite any disclosures that confirm that witnesses invoked this privilege." *Id.*

For the documents case, redacted public filings revealed details of a dispute involving a motion to compel two of President Trump's attorneys to testify and produce documents, after the attorneys had invoked the attorney-client privilege and work-product protection. *Id.* at 3. As the Court explained, "[t]o support a motion to suppress in the Southern District of Florida, [President Trump] publicly filed redacted versions of two orders and an opinion from then-Chief Judge Beryl Howell commanding two of his lawyers to testify." *Id.* at 8. But the public filings "redacted crucial information, including the lawyers' names." *Id.* at 9. The Court determined that it would "not remove any redactions from the orders and opinion" because "[d]oing so would spill new information about what happened before the grand jury." *Id.* The Court directed the government

3

to "apply this reasoning to any other responsive orders and opinions and submit any such documents to the Court, with proposed redactions, for possible release," and also to submit appropriate redactions to "[t]he relevant docket sheets." *Id.*

In a brief order accompanying the Memorandum Opinion, the Court ordered the government to submit proposed redactions of the relevant opinions, orders, and docket sheets to the Court, *ex parte* and under seal. Order, ECF No. 5. After the government did so, *see* Notice of Government's Sealed *Ex Parte* Submission of Proposed Redactions, ECF No. 9, the Court then ordered the government to provide the redacted documents to Petitioner, Minute Order (Sep. 25, 2025). The government did so by filing redacted versions on the public docket. *See* Notice of Filing of Redacted Documents, ECF No. 11.

Petitioner then requested that the government "produce transcripts of any hearings in the ancillary grand jury proceedings referenced in The Times's unsealing application." Mot. to Amend Schedule, or Alternatively, for Extension of Time to Move for Greater Disclosure, ECF No. 14, at 1. In this filing, the government responds to that request.

## ARGUMENT

The Court should resolve this request for transcripts by applying the same principles set forth in the government's response to the Application, Gov't Resp. 6-14, and the Court's Memorandum Opinion, *see supra*, pp. 2-4 (summarizing the Memorandum Opinion). The matters for which the government has already produced redacted opinions, orders, and docket sheets are the only ancillary matters within the scope of the Application whose existence has been officially disclosed.

The Court may release any hearing transcripts in those matters, with appropriate redactions. In particular, "the identities of the witnesses" as well as identifying information must be redacted. Mem. Op. 8. To the extent the transcripts divulge "what materials [the witnesses] withheld" on

4

the basis of attorney-client privilege or attorney work product protection, such materials must be redacted, apart from information that is specifically disclosed in public court filings. *Id.* Similarly, any other "still-secret — and so still-protected — information" about matters occurring before the grand juries discussed in the transcripts must be redacted. *Id.*; *see also Bartko v. U.S. Dep't of Just.*, 898 F.3d 51, 73 (D.C. Cir. 2018) (under Rule 6(e), matters occurring before the grand jury include all "information that would 'tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors.'") (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013)).

The government is also submitting proposed redactions to the Court, *ex parte* and under seal, that comport with these legal principles.

## CONCLUSION

The Court may release transcripts in ancillary grand jury matters relating to assertions of attorney-client privilege and attorney work product protection, concerning the grand jury investigations into President Trump in this District, whose existence has been officially disclosed, which are the same matters for which the Court has already ordered release of redacted opinions, orders, and docket sheets. As reflected in the government's proposed redactions, such transcripts must be redacted to shield from disclosure all matters before the grand jury that have not been officially disclosed.

Dated:  March 2, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

<u>/s/ Jeremy S.B. Newman</u>
JEREMY S.B. NEWMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Attorneys for the United States*